```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case No.
LIABILITY LITIGATION             *    4:13-cv-15 (F. SMITH)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Frances Smith was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Smith brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Smith also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that Smith's claims are barred by the applicable statute of limitations. For the reasons set forth below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 34 in 4:13-cv-15) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Smith, the record reveals the following.  Smith is a lifelong resident of Alabama, and she received her routine medical treatment in Alabama.  In 2004, Smith's Alabama physician referred her to Dr. Brian Chadwick in LaGrange, Georgia for a mesh sling operation.  Dr. Chadwick implanted ObTape in Smith on September 29, 2004 in LaGrange, Georgia.

In 2005, Smith started experiencing symptoms of discharge, odor, and left side pain.  She visited Dr. Chadwick for treatment in September 2005. Dr. Chadwick found an erosion of the ObTape.  He cut out the eroded piece of mesh and showed it to Smith.  Dr. Chadwick removed portions of the ObTape on more than one occasion, and Smith believed that the ObTape was not working properly and had something to do with her symptoms.

2

Smith Dep. 56:5-57:11, ECF No. 34-4.  Smith continued to see Dr. Chadwick over the next few years complaining of various "mesh problems."  Chadwick Dep. 290:2-12.  During the same timeframe, Smith also saw a doctor in Alabama for treatment related to the sling erosion.  Smith started to think about bringing a lawsuit against Mentor when she saw a television commercial regarding mesh problems in 2012.

Smith filed her Complaint on January 16, 2013.  *See generally* Compl., ECF No. 1 in 4:13-cv-15.  Smith brought claims for personal injury under the following theories: negligence, strict liability design defect, strict liability manufacturing defect, and strict liability failure to warn.

## DISCUSSION

Smith filed her action in this Court under the Court's direct filing order.  The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint."  Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004.  Alabama's choice-of-law rules thus apply. Smith contends that under Alabama's choice-of-law rules, Georgia law applies to her claims.  Smith argues that her claims are not barred under Georgia law.  Mentor asserts that Alabama law applies and that Smith's claims are time-barred under Alabama law.

Under Alabama law, the doctrine of *lex loci delicti* applies to tort claims, which means that "the substantive rights of an injured party" are determined "according to the law of the state where the injury occurred." *Fitts v. Minn. Mining & Mfg. Co.*, 581 So. 2d 819, 820, 823 (Ala. 1991). *Lex fori*, the law of the forum, "governs procedural matters." *Middleton v. Caterpillar Indus., Inc.*, 979 So. 2d 53, 57 (Ala. 2007).

Smith argues that Georgia law applies to her claims. She appears to contend that Georgia substantive law applies because her ObTape was implanted in Georgia and because she received some treatment related to her ObTape complications in Georgia. Smith further argues that if Georgia substantive law applies, the Court should apply an exception to *lex fori* based on her interpretation of Georgia law. Smith's brief focuses entirely on her argument that an exception to *lex fori* applies, and she offers no argument about where her injury occurred. But that is the key question here. "[U]nder Alabama law, a tort cause of action stemming from a defective medical device accrues when the medical device fails and injures the recipient of the device." *Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1229 (N.D. Ala. 2014). In *Collins*, an Alabama resident was implanted with a hernia patch in Tennessee, and he claimed that the device failed several years later and injured him. The *Collins* court applied Alabama law because it found that the plaintiff's injuries

4

occurred in Alabama, where the plaintiff lived and the hernia patch allegedly failed. *Id.* Likewise, Smith's ObTape complication symptoms arose in Alabama, and she sought medical treatment for some of those symptoms in Alabama. The Court thus concludes that Smith's injury occurred in Alabama. Therefore, Alabama law—both substantive and procedural—applies to Smith's claims.

Smith does not dispute that her claims are time-barred under Alabama law. Under Alabama law, a claim for personal injuries must be brought within two years after the claim accrues. Ala. Code § 6-2-38(*l*). "A cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Smith v. Medtronic, Inc.*, 607 So. 2d 156, 159 (Ala. 1992). The statute of limitations begins to run when a plaintiff first suffers damages as a result of the act causing the injury. *Id.* Alabama does not have a discovery rule in most cases. *See, e.g., Utilities Bd. of City of Opp v. Shuler Bros.*, 138 So. 3d 287, 293-94 (Ala. 2013) (noting that Alabama only applies discovery rule to fraud actions and cases involving the fraudulent concealment of the existence of a cause of action). Under this authority, Smith's claims accrued when she first suffered complications due to ObTape in 2005. Smith did not bring her action until 2013, so her claims are time-barred.

CONCLUSION

As discussed above, Mentor's Motion for Summary Judgment (ECF No. 34 in 4:13-cv-15) is granted.

IT IS SO ORDERED, this 8th day of October, 2015.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA